**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MID-AMERICA CARPENTERS                )
REGIONAL COUNCIL, et al.,              )
                                       )
          Plaintiffs,             )
    v.                               )    Case No. 4:25-cv-00155-SEP
                                       )
FRONTIER DOORS AND GLASS, LLC.   )
                                       )
          Defendant.              )

## ORDER

Before the Court is Plaintiffs' Motion for Default Order to Compel an Accounting. *See* Doc. [14]. For the reasons set forth below, the motion is granted.

This is an action pursuant to Section 301 of the Labor Management Relations Act of 1947, codified as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, codified as amended, 29 U.S.C. § 1132. Plaintiffs seek an order compelling Defendant to submit to a payroll audit and, thereafter, a judgment for contributions and damages owed. Doc. [14] at 1.

Defendant was served with the Summons and Complaint for this matter on May 28, 2024. Doc. [11]; *see also* Fed. R. Civ. P. 4(l). Defendant has not filed an answer nor responded in any manner. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiffs moved for entry of clerk's default. *See* Doc. [12]. The Clerk of Court granted Plaintiffs' motion and entered default as to Defendant Frontier Doors & Glass, LLC. Doc. [13]. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs now move this Court for an Order compelling Defendant to submit to an audit so that Plaintiffs can determine the amounts Defendant owes them. Defendant has not responded to the entry of default or to the instant motion for an accounting.

Plaintiffs have established that Defendant is party to collective bargaining agreements with the Mid-America Carpenters Regional Council. *See* Docs. [1] ¶¶ 4-6; [15-1] ¶¶ 2, 8. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (After default has been entered, the allegations of the complaint, except as to the amount of damages, are taken as true.). The agreements require Defendant to submit contributions to the Carpenters employee benefit funds

and authorizes Plaintiffs to examine the financial records of Defendant to ascertain whether the required contributions were made.  Doc. [1] ¶¶ 5, 8.  The only way by which Plaintiffs can determine the amount owed is through such financial examination.  *Id*. ¶ 9.  Because Defendant has refused to cooperate in such financial examination, *see* Docs. [15-1] ¶ 12; [15-8], the Court will require Defendant Frontier Doors & Glass, LLC, to provide Plaintiffs with the relevant records. *See* 29 U.S.C. § 1132(g)(2)(E) (authorizing "equitable relief as the court deems appropriate").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting, Doc. [14], is **GRANTED**.

**IT IS FURTHER ORDERED** that no later than **Friday, May 1, 2026**, Defendant Frontier Doors & Glass, LLC, must provide Plaintiffs the payroll registers, records, and other documents that contain information relevant to the work performed under the collective bargaining agreements as needed to perform an audit for the period of October 1, 2021, to the present.

**IT IS FURTHER ORDERED** that Plaintiffs shall file **within 90 days of the date of this Order** a status report regarding the progress of the accounting of Defendant's records.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant at the following address:  Frontier Doors & Glass, LLC, 1133 Newhouse Avenue, St. Louis, MO 63107

Dated this 31st day of March, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE